Good morning. The court now calls case 118-218. People of the state of Illinois v. Sandro Espinoza et al. Are you ready to proceed? Good morning. May it please the court. Counsel, I am Assistant Attorney General Jean Godfrey on behalf of the people of the state of Illinois. This court should reverse the judgment of the 3rd District Court of Appeals because the charging instruments here strictly comply with the statutory pleading requirements and satisfy due process by providing defendants sufficient notice of the charged offenses and protecting against double jeopardy. In addition, this court should abandon or limit the antiquated common law formality of identifying a victim in an instrument charging a crime against an individual. To begin, the instruments here both strictly comply with the pleading requirements set forth in Section 111.3a. Both instruments stated the name of the offense, cited the statute violated, set forth the nature and elements of the offense, provided the date and county where the offense occurred, and provided the name of the accused. The victim's name and identity is not listed as a requirement under Section 111.3a. In addition, both charging instruments satisfy due process. This court has never held that due process requires identification of a victim in an instrument charging a crime against an individual, and defendants today make no such argument. Rather, due process only requires sufficient notice of the charged offense so that defendants may prepare a defense for trial and sufficient record of the conviction or acquittal so that defendants may plead double jeopardy in the event of a future prosecution for the same offense. Ms. Godfrey? I'm curious. Is the state complying with Subsection 111-3a-5 with regard to victims of sexual offenses? Do they comply in those type of cases? Would use of a minor comply with that? Right. Yeah. Yes, Your Honor, it would. In those specific... No, no. Do you comply in sex offenses, right? That provision allows for the initials, right? Initials or description. And what does the state do in those cases? In those instances, we would provide minor an additional identifying information, such as the location of the offense, the date where the offense occurred, the county, and as well, in certain instances, we would also provide the date of birth of the minor as well. So in those cases, you don't provide initials either? It's within the discretion of the state's attorney what information to provide. But if they deem that that does require use of minor and additional describing information, that is what would be done in such instances. Yeah, it would seem if the state is compliant. Where I was getting at was if A-5 is complied with with regard to victims of sexual assaults, you wouldn't think that sexual assault victims are entitled to less privacy protection than a minor that is a victim of a domestic battery or an endangerment charge, as we have here, right? Well, to comply with Section A-5, we could use minor and description, which would be the same level of protection that we're asking for here in all instances involving minor victims. So that would satisfy both the rule that we're asking for and also the requirement of A-5. Why are initials sufficient to predict minors under the Juvenile Court Act but not in an indictment? Well, we're asking the precipice of what the state's attorney here decided to change their policy and use minor instead of initials is that there had been a case previously where a minor was molested by his basketball coach, and they used initials in that case to identify the minor victim in the charging instrument. And there was an article published in the local newspaper identifying the minor victim by his initials, which were very unique, and it was a small town. So he was easily identified, his full identity, based on the initials that were used. And as a result, the minor in that case did suffer personal harm, embarrassment, and ridicule. So moving forward, the people's position is that initials are too identifying. And to balance the minor's privacy interest versus the defendant's constitutional right to notice and protection against double jeopardy, that the use of minor plus some identifying information would be sufficient. And that there are many small towns in Illinois, and this could come up again in an instance where minor's initials are unique, and it is easily identifiable based on the charging instrument alone, which is the first document associated with the court case and the most identifiable document associated with the case. Is it established fact in this case that there were more than one minor present at each of these offenses? No, Your Honor. In Espinoza's case, there was only one minor in the record. And in DeSera's, there were eight minors. So DeSera did express some uncertainty as to the identity of the specific minor charged in the offense, and she did request a bill of particulars. And the state filed a timely bill of particulars under seal,  So she did receive sufficient due process notice of the victim's full identity in a timely manner to prepare a defense for trial. So why should we grant you relief when you refuse to disclose the name of the victim in this case? Well, going forward, the people are asking you to modify the antiquated common law formality, that issue in this case, of identifying the victim by name in the charging instrument. The court last addressed this issue in People v. Jones in 1973, which was 42 years ago. And since then, the modernization of technology and the advent of the Internet has created easy and instant access to publicly available court documents online. In the past, paper-based records, while technically public, did retain a degree of practical obscurity. If one wanted to gain access to a document, they would have to physically go to the clerk's office of the courthouse, request access to the document, and then parse through it to find what they were looking for. Whereas now, you can simply conduct a Google search from the comfort of your own home and gain instant access to these publicly available documents, including the charging instrument on the indictment and the criminal complaint. Aren't your arguments better directed to the legislature? Well, the General Assembly does have the power to create an exception for minors, and they have expressed an interest in protecting minor victims, as demonstrated by the Juvenile Court Act. But this court is the court that created this common law requirement, tracing back to the 1830s. So it is within the court's power, and it is a timely, right now is the best time to re-examine this rule, given the modernization of technology. And this court should re-examine that rule, given the instant access that the public has to these charging instruments. And it's no longer necessary to provide the identity of the victim in the charging instrument, to provide defendants notice. Defendants here both concede that they received actual notice of the victim's full name through discovery. Through either a bill of particulars or through normal discovery measures in the future, this will not be a problem where they're not going to receive the victim's full identity to prepare for trial. So Counsel, you agree, and I think you say this directly in your brief, that the charging instruments here, this is a formal defect, and that for 60 years has been the rule, that providing the name or initials of the victim is a formal defect, correct? Yes, Your Honor. Well, this court has previously held, and courts of appeals have held, that misidentification of the victim in the charging instrument is a formal defect that the state can amend. And so long as defendants receive actual notice of the victim's true identity, and the true identity of the victim appears in the record otherwise in the reports of proceedings, that they are not prejudiced. Well, there are two different ideas, right? There are the cases that deal with what happens after a trial or on appeal, and then in those cases the courts talk about whether there was prejudice or not. But there certainly are a number of cases for 50, 60 years that have talked about pretrial, where the defense raises a motion to dismiss, perhaps, saying that the victim is not properly identified. And then the issue is what happens next? Does the charging document have to be dismissed, or can it be amended? You seem to agree that what is happening here is a formal defect that could have been amended, but you chose not to. Yes, Your Honor. The state's attorney in this case chose not to amend the charging instruments because they would like a new policy going forward to only identify minor victims by minor, an additional description, because minors are a unique population that deserve heightened protections. But understanding that you agree this is a defect in the charge. Yes, Your Honor. You're fine it's a defect, but there's no requirement for you to cure the defect. Well, the people would submit that the charging instruments here strictly complied with the statutory cleaning requirements set forth in Section 111.3a, but they did not comply with the common law requirement. So we are asking the court to revisit that requirement in light of the unique interest at issue involving minor victims and to modify it pertaining to minors because they have unique interests involving their privacy at issue, as I just discussed, that they are subject to potential embarrassment, ridicule, and harm if their identities are disclosed in any cases. So you're not arguing that the availability of a bill of particulars would render an otherwise deficient charging instrument sufficient? No. We are not arguing that a bill of particulars would cure a deficient charging instrument. The people would submit that the instruments here were sufficient and that the bill of particulars just provided additional details to enable the defendant to prepare a defense to go to trial. And are you saying that under 5-111.3a, that it would be up to this court to change the rule that provides it sufficient if it's a description by which it cannot be identified with reasonable certainty? That's what you're saying, is that correct? That minor and other identifying information is sufficient then to comply with the law as it presently exists? Yes, Your Honor, that is our position. In People v. Jones, this court last addressed this issue and held that although a victim's identity is an essential allegation of an instrument charging a crime against an individual, misidentification of the victim in the charging instrument is not fatal. In Jones, the court emphasized that despite misidentifying the victim in the charging instrument, the defendants in that case nonetheless received sufficient notice of the victim's true identity through discovery. In so holding, the court emphasized that the indictment as a means of informing defendants of particulars concerning the case is now far overshadowed by the array of discovery procedures available. So in Jones, that's a case where there was a motion to dismiss, pre-trial, and the state moved to amend the name, and the court said this is a formal defect that can be amended. You don't have to dismiss the indictment. It can be amended, and then Jones said the name is an essential element. Correct? The court did hold that the name is an essential element, but Jones also stands for the general presumption that even if the victim's misidentified in the charging instrument, the defendants nonetheless receive sufficient notice if they receive notice of the actual victim's identity, and they will be protected against double jeopardy if the victim's full identity does appear in the record. So just as misidentification of the victim will still protect defendants against double jeopardy and provide sufficient notice, so does omission of the victim's full name. As here, defendants will nonetheless receive actual notice of the victim's full name through discovery and be protected against double jeopardy. Defendants argue that omitting the victim's names from the charging instrument would only delay their inevitable identification. While it is true that the victim's names would appear in the record either from the reports of proceedings, from the guilty plea hearing, or from trial, ordering the trial transcripts and parsing through them to find the victim's identity requires much more effort, and it's much more difficult than simply reading the charging instrument, which is the first document associated with the case. Indeed, with respect to their argument concerning double jeopardy, defendants argue that without the victim's name in the charging instrument, they would have to quote-unquote scour the record to find the victim's identity in the reports of proceedings. Clearly, omitting the victim's names from the charging instruments does serve to better protect their privacy interests. While it's not a perfect solution, it would better protect minor victims from public scrutiny, potential invasions of privacy, and possible embarrassment or ridicule. When the judicial system can protect minors, measures to be taken should be taken when possible. Minors here are innocent of any wrongdoing and deserve protection of their privacy interests. The level that the state requests, minor plus some describing information, would not defeat the defendant's constitutional rights to notice and protection against double jeopardy. Indeed, this court has previously abandoned a requirement of a charging instrument that an instrument charging burglary must name the owner of the building to comply with the pleading requirements. The court found that that was an empty formality and unnecessary to satisfy due process, demonstrating a trend of relaxation of the pleading requirements in general. And specifically here, this is warranted because minors are a unique population who deserve heightened protections. If the court has no further questions, the people request that you reverse the judgment of the Third District Court of Appeals.  Mr. Walker? May it please the court, counsel. Your Honors, my name is Lucas Walker with the State Appellate Defender's Office. I represent the appellees in this case, Sandra Espinoza and Angela DeSera. Your Honors, we ask this court to affirm the appellate court's decision that affirmed, of course, the trial court's dismissal of the charges in defendant's cases. where the state simply refused to amend the charging instruments to include the identification of the alleged victims in these cases, despite well-established, long-standing principles of Illinois law that required it to do so. Your Honors, this is a case where the Will County State's Attorney has taken it upon itself, on its own, to implement a brand new policy. And this new policy, as explicitly stated in the trial record, is to include no identifiers whatsoever when it comes to alleged minor victims in these general adult criminal proceedings. But this goes against 170-plus years of Illinois case law. Nearly two centuries, because since 1837, Illinois case law has clearly required that when the state charges a defendant with a crime against a person, that it needs to include the identification of that person that they're alleging has been harmed in the charging instrument, and then prove it as alleged. Moreover, Your Honors, it is statutorily required. Section 111-3 of the Criminal Code of Procedure requires the state to include the nature and elements of the offense. This principle clearly goes to the nature of the offense, because it's all based on the nature of the offense being won against a person. Moreover, it's not explicitly excluded by the statute, nor is it necessarily implied out of existence by the statute. Indeed, this court in Jones, after the statute had been in effect for quite a while, reiterated that it is an essential allegation. Now, another principle that needs to be reiterated here is that when defendants challenge these charges, when they did in these cases, pretrial, pre-plea, they're under no obligation whatsoever to show that they've been prejudiced or impaired in the preparation of their defense. Rather, once it's challenged, now it's up to the state to ensure that their charge strictly complies with Illinois pleading requirements, which it clearly did not. It's also important to note here, and Your Honors brought it up a bit here, the state is not asking this court simply to extend the same protections that exist for other classes of victims to this class of alleged victims. It's asking for more. Illinois Supreme Court Rule 660C allows for minors whose cases arise under the Juvenile Court Act to be identified by full first name and last initial, or in certain circumstances, first and last initial. Moreover, the legislature has seen fit to extend protections to certain classes of victims in the form of charge statute. It allows in Section A5, victims of illegal sexual acts need to be identified. They have to be identified, but they can be identified through name, description, or initials. The state here has made clear on the record, initials are not sufficient. Defendants have been nothing if not reasonable here, Your Honors. Both defendants either specifically requested that the court order the state to merely include the initials, and the other defendant, although filing a motion to dismiss at the actual hearing on that motion, conceded initials would be sufficient. Indeed, based on a reading of the record, it's clear that used to be the traditional means of charging in cases like these. But now, for whatever reason, it's time to include no identifiers whatsoever. Now, the state says, well, initials aren't sufficient, because it's a small town and people will know. But I don't know if Joliet's really that small of a town. And moreover, this isn't going to just affect Joliet. This decision will affect all the towns in Illinois. And we argue this is a role for the legislature. The legislature should be the one to extend this extreme hardline type of protection that just doesn't exist currently. A couple, I want to make sure I mention a couple points here. The state has made clear in its argument here today that it believes you can simply log on to Google and see the charging instruments in these cases. Just log on from home, go to the Will County Circuit Clerk website, and see the language of the charging instrument. Well, that's just not the case. Will County Circuit Clerk website does not allow non-attorneys to log on and view the language of the charging instrument. You can look up Espinoza's case. You can look up DeSera's case. You'll see events if you log on as a normal person. Not that attorneys aren't normal. It's arguable. And you will find DeSera and Espinoza's case, but you will not find the language of the charging instrument. They can't find the name of these minors in there, not the initials, nothing. Moreover, I want to highlight below, the state was explicit. Its new policy is to include no identifiers whatsoever. Now the state says, well, we want to include minor and some identifiers. But if we look at these charging instruments, Your Honors, they're not identified. Identification obviously implies a certain level of specificity, that being we know who it is. We don't know who it is based on this charging instrument. Domestic battery, household or family member. Which is it? Household or family member? If it's a family member, is it a stepdaughter or a son? Still don't know. As far as DeSera, there were eight kids that could have fit the description. So these identifiers do not identify. Moreover, as to the state's arguments about burglary being changed. Okay, so the owner of the property that was burglarized is no longer required. But that's because it didn't go to the nature and element of the offense. What matters in burglary is the property taken and where it was taken from. Not who owned the property. Here, offenses against persons, the nature and elements of these offenses, obviously go right to the nature of the person harmed. And the state doesn't dispute these are, of course, offenses against persons. So we also want to discuss here the state argues, well, this court should overrule Jones. This court should not overrule Jones. Frankly, your honors, Jones doesn't deal with the issue in this case. Jones deals with the misidentification of an alleged victim of armed robbery. In that case, the state charged the defendant with the armed robbery of Charles Mundy. The day of the trial, the state amended on its own to show that it's not Charles Mundy, it's Delbert R. Mundy. Defendant objected. Ultimately, this court found it's a misidentification that can be amended prior to trial. And in doing that, this court did reiterate the longstanding principle that identity is essential, but simply found if it's misidentified, you can correct that. It's not contradictory. It's not an unsound decision. There's no reason to overrule Jones. And moreover, Jones was not decided in the dark. Jones understood, based on the language of the opinion, liberalized pleading policies in Illinois, the fact that the information in the charging instrument, there's other means to disseminate that information to the defendant. The charging instrument was not the exclusive means. But this court understood, and we argue it should still understand, that it's the essential means. It reiterated in that case, this principle is not merely a technical rule. This is a substantial requirement that safeguards defendants' constitutional rights be free from double jeopardy. And it should remain so. Now, ultimately, the state is asking this court to overrule 170-plus years of case law, to alter the current interpretation of statutory pleading requirements, and to push aside the well-established rule that defendants don't have to show prejudice when they challenge the sufficiency of a charge this early. And in exchange for that, the state's right. They merely delayed what we hope to be the inevitable identification of the alleged victim in these cases. Because ultimately, the victim has to be identified. Defendants have a constitutional right to be informed of the nature and cause of the offense. We've gone into the statutory right, the common law rule. So ultimately, the victim has to be identified. But it's not beyond the realm of possibility, Your Honors, that it might not be. Because we can look to People v. Walker, Illinois Supreme Court case, 1955, where the state charged the defendant with burglary, saying they stole the property of Anthony and Ophelia Wright. Well, during the course of the trial, the state never proved that. And defendants challenged the sufficiency of the evidence on appeal. The defendant said, State didn't prove me guilty of stealing the property of Anthony and Ophelia Wright. Their names never even came up. This court said, You're right. You win. And the reason that the defendant won in that case is because the state failed to get into the record the name of the alleged victims. So how did this court know that the state failed to allege the Wright victims? Because they looked to the charging instrument. The charging instrument is there for a reason. It needs to remain there. This court understands that. It understood it in Jones. Nothing's changed since Jones. Again, you know, the state has argued, Well, the Internet. But, again, that doesn't make it, it's not easily accessible. You can't access the charging instruments in these cases from the Internet if you're not an attorney. And finally, finally, Your Honors, what happens if the state wins here? Ultimately, the state is apparently not, you know, proposing, submitting a proposal to the Rules Committee here. It's not lobbying the legislature. It's a unique and interesting case where the state is not complying with court orders, not complying with well-established principles of law, all in an attempt to change the law in hopes that this court will do it for them. So should the state win, the decision comes out. What's stopping the state from a month later saying, Well, elderly victims need to be protected too? The state has an interest in that. So let's not identify them at all. If that's the case, then why are we identifying victims of armed robbery? It's not exactly the most prideful moment of one's life to be held up at gunpoint and have all your stuff taken. That could have potential stigmatization, humiliation, shame. So let's not identify them in any way whatsoever. Taken to the extreme, we can wind up with charging instruments in Will County and in the state that allege Sandra Spinoza charged with domestic battery of somebody. Asterisk, details to be provided upon request. So with all we've argued here today, with all we've argued in our briefs, unless this court has any questions, we would simply reiterate our request that this court affirm the decision of the appellate court. Thank you for your time. Thank you, sir. Your Honor, we are not asking for a rule that applies to elderly victims or any other population of victims. The people here are simply requesting a modification of an antiquated common law formality as it pertains to minor victims. This court has recognized that minors are unique. This court has recognized that the state has an interest in protecting the privacy interests of minors and that minors themselves have their own interest in having their privacy interests protected. Defendants argue that there were no identifiers in the charging instruments here. That is false. The instrument charging Spinoza with domestic battery identified the date of the offense, the location, identified the minor as a family or household member, limiting the class of potential victims to individuals living with or related to defendants, and especially included the alleged conduct of the offense. In DeSera's case, the criminal complaint provided the date of the offense, stated a minor, a child under 18 years, and the address, the specific address of the offense, as well as providing the conduct alleged. The rule that we are requesting, minor plus some identifying information, would comply with Section 111.3.A.5 that provides sex crime victims can be identified by name, initials, or description. That would fall within the description area of that subsection. Defendants concede here that they were not prejudiced, misled, or surprised. The argument regarding Google, this is not just an immediate harm that minors would be suffering from. Things on the Internet continue to live on forever. In the future, a potential employer could Google an employee and find information regarding that individual from when they were a child. This is something that continues to have consequences leading beyond the specific date of the offense. The identity of the minors here was not an element of either of the offenses. Although it was a crime against an individual, you need not prove the specific identity of the minor to prove domestic battery or to prove endangering the life or health of a minor. Although you're not asking for it, Ms. Godfrey, if we agree with you, wouldn't that necessarily amount to us having to look at our rules pertaining to appeals arising under the Juvenile Court Act? I'm sorry, could you rephrase your question? Well, will we allow initials in appeals regarding the Juvenile Court Act? That's not your issue really today, but wouldn't it necessarily, if we agree with your position here, amount to us having to look at our own rules that we've already contemplated under the Juvenile Court Act? No, Your Honor, because we're asking for a very narrow rule here. We're only asking that you modify the common law requirement as it pertains to charging instruments to allow identification of a minor victim by the phrase minor plus some additional identifying information. Court opinions are a separate entity, and we do acknowledge that while initials or the full name will appear in other publicly available documents, we're simply arguing that omitting the minor victim's full name from the charging instrument would better protect their privacy interests. Wouldn't that same public policy interest be even magnified in opinions that are published? Well, under the Juvenile Court Act, the identities of minors and defendants, minor victims and minor defendants, must remain confidential. Court documents are a different entity than charging instruments, and we're not dealing with the Juvenile Court Act here. We're dealing with offenses involving adult defendants and minor victims, which is a different issue. We are asking this court to revisit and reconsider Jones. And that case was decided, as I emphasized before, 42 years ago. Since then, times have changed. There are greater discovery measures that are available to both the state and the defense, and the modernization of the technology and the widespread availability of the Internet makes this a unique and timely issue before the court to reconsider. This court has never held that Section 111.3a codified the common law requirement, and the people's position is that it did not. Although statutes and derogation of common law must be strictly construed and cannot be construed as changing the common law beyond the expressed words of the statute, the General Assembly here, despite the opportunity to do so, did not explicitly codify this requirement. They do not list the victim's identity as a requirement under 111.3a. So although the statute does not expressly eliminate the common law requirement, it doesn't say the victim's name is not required, it did not codify that requirement, and this court can revisit and modify the common law as it pertains to minor victims if it so chooses. The level of protection that the people are requesting here would not result in any harm to defendants, but it would result in greater protection to minors' privacy interests. As I stated before, the defendants in this case did receive constitutional notice of the actual victim's name in a timely manner to prepare defense for trial, and they did receive due process protection against double jeopardy by resort to the reported proceedings in the event of a future prosecution for the same offense. So if the court has no further questions, the people request that you reverse the judgment of the Third District Court of Appeals. Thank you. Thank you. Case number 118218, People of the State of Illinois v. Sandro Espinoza et al., will be taken under advisement as agenda number eight. Thank you, Ms. Godfrey and Mr. Walker, for your arguments this morning. You're excused. Thank you.